UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**E-FILED**

| Case No. | CR 13-889-GHK-3 | Date | May 9, 2014 |
|---|---|---|---|

| Present: The Honorable | George H. King, Chief United States District Judge |
|---|---|
| Interpreter | |

| Beatrice Herrera | N/A | Yasin Mohammad |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Sergio Mercado-Vazquez | NO | X | | Ronald Kaye | NO | | X |

**Proceedings:**   **(In Chambers) Order re:** Defendant Sergio Mercado-Vazquez's Motion in Limine to Preclude Expert Testimony [Dkt. No. 84]

This matter is before us on Defendant's Motion in Limine to Preclude Expert Testimony ("Motion"). We have considered the papers filed in support of and in opposition to this Motion,[1] as well as the Parties' oral arguments at the May 8, 2014 Status Conference. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

Defendant moves to exclude three of the Government's expert witnesses: (1) Inland Crackdown Allied Task Force Officer Frank Cortez ("Special Agent Cortez"); (2) California Department of Justice Special Agent Supervisor Brian Rose ("Special Agent Rose"); and Forensic Chemist Daniel M. Roesch. Insofar as Defendant moves to exclude these witnesses on the basis of their late disclosure, Defendant's Motion is **DENIED**. Any prejudice caused by late disclosure has been cured by the continuance of the trial date in this matter.[2]

With respect to Special Agent Cortez and Special Agent Rose, we agree with Defendant that portions of their expected testimony should not be admitted. Federal Rule of Evidence 702 permits expert testimony only if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Here, the Government seeks to have Special Agent Cortez and Special Agent Rose opine, *inter alia*, that drug traffickers

---

[1] Defendant's Motion is accepted as filed [Dkt. No. 84], and his Ex Parte Application to Shorten Time to File Motion in Limine [Dkt. No. 86] is **moot**.

[2] Indeed, at least as to Roesch, defense counsel admitted as much on the record on May 8, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

do not allow "mere spectators" to be present during high-dollar drug transactions.[3]  This is a broad generalization about narcotics trafficking.  Moreover, it is a common-sense inference that can be made by the jury based on the evidence in this case without the aid of expert testimony.  Rather, it is more properly addressed at argument based on facts adduced at trial.  To the extent there is some probative value in such testimony, it is insufficient to permit the Government to use expert generalizations in lieu of argument.  Rather than unfairly tilt the scales with questionable expert testimony, the Government may attempt to lead the jury to the conclusion it desires based on the evidence in this case and by arguing the reasonable, common-sense inferences that can be drawn from the evidence.  Thus, under a Rule 403 analysis, we conclude that even if there is some limited probative value to this expert testimony, it is substantially outweighed by the danger of unfair prejudice from the jury abandoning its own common-sense inference in improper deference to this purported expert testimony.  Moreover, admitting this testimony would result in an undue waste of time because exploring the expert's purported basis for this testimony invariably will lead to testimony about a myriad of other unrelated cases.

Accordingly, Defendant's Motion is **GRANTED** and Special Agent Cortez, Special Agent Rose, and anyone else are precluded from offering broad generalizations about how drug transactions are conducted.  These experts may testify, however, as to specific matters that are beyond the knowledge of laypeople, such as the street value of methamphetamine and jargon used in drug trafficking.  In addition, because Special Agent Cortez was a percipient witness to the drug deal, he may also testify to that which he directly perceived.  Government counsel shall ensure that the Government's witnesses are aware of this Order and shall ensure compliance with it.

**IT IS SO ORDERED.**

|  | - | : | - |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |

---

[3] The full summary of this anticipated testimony is as follows:

Drug traffickers often operate in an organized group where various members of a conspiracy each have essential roles.  For example, one or more persons may negotiate a drug deal, while others serve as security and counter-surveillance, while others guard the drugs or bring the drugs to the transaction locations.  In a drug deal, especially a high-dollar drug deal, no one who is not part of the conspiracy is allowed to be present.  Drug deals are done in a secret manner with as few words as possible spoken about the transaction itself.  Parties to a drug deal are often concerned about one stealing drugs or money from the other.  Often times, higher level players within an organization keep a physical distance from the drugs being delivered, while lower level players guard and deliver drugs.  When discovered by law enforcement, drug traffickers often feign ignorance and concoct stories to conceal their illegal activities.

[Dkt. No. 84-2, at 2].